**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Hager,<br><br>            Plaintiff,<br><br>vs.<br><br>Alan G Rodbell, et al.,<br><br>            Defendants. | No. CV-10-2748-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a complaint in Arizona Superior Court for Maricopa County and Defendants removed due to the presence of a federal claim. Doc. 1. Plaintiff now moves to remand asserting absence of federal-question jurisdiction, and requests costs and attorney fees. Doc. 6. Defendants oppose. Doc. 11. Defendants also request attorney fees for opposing the remand motion (Doc. 11 at 6), but do not state a statutory or common law basis under which the request is made; the request will therefore be denied. Plaintiff has not filed a reply, but has requested a hearing on the matter (Doc. 7). Because the relevant issues have been briefed and oral argument will not aid the Court's decision, the request for a hearing will be denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff's complaint alleges five state-law causes of action. Doc. 1-1 at 12-14. The complaint also contains one section entitled "Violation of Civil Rights" that asserts, *inter alia*, violations of federal constitutional rights (*id.* at 15) and requests relief under 42 U.S.C. §§ 1983 and 1985 (Doc. 1-1 at 15-16). Plaintiff has not withdrawn these

claims, but instead argues that they are not separate causes of action and that, therefore, removal was improper. Doc. 6. This argument is groundless: Plaintiff has expressly asserted violations of federal constitutional rights on the face of the complaint and is requesting relief under two federal statutes.[1] Federal courts have concurrent jurisdiction over these types of claims, *e.g.*, *Howlett v. Rose*, 496 U.S. 356, 358 (1990), and therefore Defendants' removal was proper. 28 U.S.C. § 1441; *see e.g.*, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996). Accordingly, Plaintiff's motion to remand will be denied.

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Doc. 6) is **denied**.

2. Plaintiff's motion for a hearing on the issue of remand (Doc. 7) is **denied**.

Dated this 3rd day of March, 2011.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge

---

[1] The fact that Plaintiff chose to not label the claims as "claims" or "counts" is not dispositive. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 n.2 (9th Cir. 1996) ("The label that a plaintiff places on his pleadings, however, does not determine the nature of his cause of action.").