**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Hager,<br><br>Plaintiff,<br><br>v.<br><br>Chief Alan G. Rodbell; Det. Brent Vahle; Det. Michelle LeFay; Det. Aaron Crawford; Det. Kevin Orvis; Sgt. Robert Hoskin; Ofc. Gary Gratz; Det. Michael Whitcomb; Ofc. David Alvarado; Det. Laurie Swanson; Ofc. J. Kleinheinz; Ofc. E. Rodriguez; Det. Johnnie Ghiglia; Ofc. Alex Dyer; Ofc. Trevor Anderson; Ofc. Andrew Marshall; Ofc. Scott Galbraith; Ofc. James Peters; Ofc. David Weaver, Ofc. Cody Dikeman; Sgt. Richard Slavin; Ofc. Nathan Mullins; Sgt. Thomas Myers; Ofc. Christopher Ruscitti; Ofc. Jonathan Gambill; DOES 1-100; XYZ Companies 1-100,<br><br>Defendants. | No. CV10-2748-PHX-DGC<br><br>**ORDER** |

Defendants filed a supplemental motion for summary judgment on October 12, 2012. Doc. 97. Plaintiff filed a motion to amend the complaint to add a party plaintiff on the same day. Doc. 96. Both motions have been fully briefed. Docs. 98-103. For the reasons that follow, the Court will grant Defendants' motion for summary judgment and deny Plaintiff's motion to amend.

**I.    Background.**

The factual background for the underlying claims is set forth in detail in the Court's order granting in part and denying in part Defendants' first motion for summary

judgment. Doc. 41. The present motions were initially raised orally at the final pretrial conference. Doc. 92. Defendants requested leave to file an additional motion for summary judgment based on Plaintiff's alleged lack of standing. *Id.* In response to the new argument, Plaintiff requested permission to file a motion to add an additional party that Plaintiff believes would nullify the standing argument. *Id.* The Court permitted Plaintiff and Defendants to file their respective motions. *Id.*

**II.     Legal Standard.**

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Supplemental Motion for Summary Judgment.**

Two of Plaintiff's claims survived the first motion for summary judgment. Doc. 41. Both relate to alleged damages resulting from the execution of a search warrant on the residence located at 9208 North 36th Drive in Phoenix, Arizona, on December 17, 2009. Plaintiff alleged that five security cameras were ruined, the front door and the door frame were damaged, a two foot square portion of the living room carpet was burned, and ceilings in multiple rooms were cracked. The Court held that there was a factual dispute with respect to whether the search was reasonably executed and what property was

damaged, and therefore denied summary judgment. *Id.* Later, in response to a motion in limine and because Plaintiff had failed to make the damages disclosures required by Rule 26(a)(1)(A)(iii), the Court precluded Plaintiff from presenting evidence concerning the monetary value of the damaged property. Doc. 82, ¶ 7.

Defendants argue that even if the search was unreasonable and the police's damage to the property was tortious, Plaintiff cannot show an ownership interest in any of the damaged property sufficient to demonstrate that he has actually suffered injury. The Court will address the damage to the house and the damage to the cameras separately.

### A.   Damage to House.

Defendants have provided sworn testimony and legal records that support their claim that Allison Wolfe was the owner of the home that was searched. Doc. 98 at 3, 47. A 2009 warranty deed lists "Allison Wolfe, an unmarried woman," as the owner of the property; a 2012 Maricopa County Property Tax Statement lists Ms. Wolfe as the property owner; and a 2012 property tax bill is addressed to Ms. Wolfe at the property. Doc. 98 at 47-51. Ms. Wolfe testified during her deposition that she is the sole owner of the property. *Id.* at 54 ("Q. Are you the sole owner of that property? A. Yes, Ma'am."). She also testified that Plaintiff does not have an ownership interest in the property. *Id.* at 56 ("Q. Did Mr. Hager have any legal ownership to the house? A. No. Not legal ownership, no."). When Plaintiff testified during his criminal trial about the search at issue in this case, he testified that the house was not his. *Id.* at 20 ("Q. . . . First and foremost, was that your residence at all? A. No. Q. You got mail there? A. I have gotten mail at a few locations.").

In response, Plaintiff points to portions of Wolfe's deposition in which she stated that Plaintiff "had possessions at my house" and "gave me money from time to time for rent." Doc. 100 at 2-3. Plaintiff notes that the affidavit for the search warrant in this case stated that the property was Plaintiff's residence and that his name appeared on the water bill at some time. *Id.* at 3. Plaintiff cites extensively from his own declaration submitted

- 3 -

in connection with the original summary judgment briefing. Doc. 35-2. In that document, Plaintiff asserts that the residence was "my house." Doc. 37-1 at 9, 21; Doc. 101 at 6-7.

Only a genuine dispute of fact justifies denial of summary judgment and a trial. To create a genuine dispute of fact, Plaintiff must present sufficient evidence for a reasonable jury to return a verdict in his favor. *Anderson,* 477 U.S. at 248. Plaintiff has not presented such evidence with respect to any ownership interest in the house. Plaintiff does not dispute the authenticity of the warranty deed and tax records that show Wolfe to be the sole owner of the property. Plaintiff does not address Ms. Wolfe's testimony that she owned the house and he did not, nor does he attempt to explain his criminal trial testimony that the house was not his. Although Plaintiff asserts that he lived at the property at some point in time (a fact with which Ms. Wolfe agrees), he does not dispute Ms. Wolfe's testimony that he was not staying there at the time of the search and that she had not seen much of him in the months prior to the search. Doc. 98 at 55. The search warrant obtained by Defendants does suggest that Plaintiff lived at the property, but it does not assert that he owned the property. Thus, the only actual evidence of ownership provided by Plaintiff are several unexplained statements in his declaration that it was "my house." Given the clear evidence that Ms. Wolfe was the sole owner of the property, a reasonable jury could not find from such conclusory assertions that Plaintiff owned the property. The Court concludes that Plaintiff has not presented sufficient evidence to avoid summary judgment on the claims for damage to the property.

### B. Security Cameras.

If the cameras were "fixtures" under Arizona law, they belonged to Wolfe as the property owner. Arizona law uses a three-part test for determining when a chattel has become a fixture. *Murray v. Zerbel*, 764 P.2d 1158, 1160 (Ct. App. 1988). "'There must be an annexation to the realty or something appurtenant thereto; the chattel must have adaptability or application as affixed to the use for which the real estate is appropriated; and there must be an intention of the party to make the chattel a permanent accession to

the freehold.'" *Id.* (quoting *Fish v. Valley National Bank,* 167 P.2d 107, 111 (1946)).

The cameras in this case were affixed to the eaves of the house and to palm trees on the property, satisfying the first element of the test. Doc. 98 ¶ 10. The cameras had the clear application of monitoring the house and property, satisfying the second element. The key issue, therefore, is the third element of the test – whether the parties intended to make the cameras a permanent part of the property. This is consistent with Arizona case law, which recognizes the third element of the test as the most important. *Id.*

When asked about the cameras in her deposition, Wolfe testified that they were installed by Plaintiff "because that is what he did for a living." Doc. 98 at 59. Wolfe confirmed that the cameras were attached to her house, and testified that she never considered them to be Plaintiff's cameras, *id.* at 59-60. Thus, the evidence from Defendants shows that Ms. Wolfe owned the property, Plaintiff installed the cameras on the property because he did so for a living, and Ms. Wolfe never considered the cameras his. This evidence clearly suggests that Ms. Wolfe had no intention that the cameras be removed from her property. They were "a permanent accession to the freehold." *Fish,* 167 P.2d at 111.

Plaintiff, who bears the burden of proving that he owned the cameras, presents only the slightest of evidence in support of his claim – he uses the word "my" two times in his declaration when describing the cameras. Doc. 37-1 at 9, 21. Plaintiff presents no other evidence that he owned the cameras. He does not dispute that they were attached to the real property, nor does he present evidence that he and Ms. Wolfe intended that they be removed at some point. Plaintiff provides no explanation or evidence as to when or how he obtained the cameras or why they were affixed to Ms. Wolfe's property if not to remain there permanently. In sum, Plaintiff has presented no evidence from which a reasonable jury could conclude that he owned the cameras, and therefore has not created an issue of fact sufficient to defeat summary judgment. *Anderson*, 477 U.S. at 248.

In summary, Plaintiff has not presented sufficient evidence that he owned the house and cameras that were damaged in the search and that constitute the sole remaining

claims in this case.  The Court therefore will enter summary judgment against Plaintiff.

**IV.    Motion to Amend.**

Plaintiff moves to amend his complaint to add Ms. Wolfe as an additional plaintiff.  Doc. 96.  Rule 15(a) states that when a party moves to amend before trial, "[t]he court should freely give leave when justice so requires."  District courts must consider four factors in considering whether to deny a motion to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) the futility of amendment. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011) (citing *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues that Defendants will not be prejudiced by the amendment because they were aware of Ms. Wolfe and her potential interest, as evidenced by the fact that Defendants took her deposition.  Doc. 96 at 4.  Defendants counter that because the underlying actions took place more than three years ago, both the state and federal statutes of limitations have run on Ms. Wolfe's claim, and allowing her to join the present action will defeat the purpose of the statue of limitations.  Doc. 99 at 2.

Rule 15(c) allows for amendments to "relate back" to the date of the original complaint under limited circumstances.  "[A]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (internal citations omitted).

Defendants argue that relation back in this case would unfairly prejudice them because the new claims would have changed "the entire strategy behind the defense."  Doc. 99 at 5.  Specifically, had they known that the party claiming injury was not the subject of the search warrant, that knowledge would have affected the discovery they would have conducted (and can no longer conduct as discovery deadlines have now

- 6 -

passed) and the settlement potential of the claim.  *Id*.  Furthermore, they argue that there was undue delay in amending the complaint, as both Plaintiff and Ms. Wolfe were aware of all of the underlying facts from the time the search warrant was executed and have moved to amend only now that Plaintiff's standing to bring the suit has been challenged.  *Id*.  Finally, Defendants note that Plaintiff and Wolfe are not related and have different claims and damages, and therefore do not share an "identity of interests."  *Id*. at 6-7.

Plaintiff responds that the amendment was not the product of undue delay because "Defendants were actively litigating this case under the assumption that the present Plaintiff had both standing and at least some identifiable measure of damages."  Doc. 103 at 2.  Plaintiff also asserts that there is no unfair prejudice as the elements of the claim would remain the same if the new party was added.  *Id*. at 2-3.

The Court concludes that the requested amendment should be denied for three reasons.

First, the Court finds that Defendants would suffer substantial prejudice by the addition of a new Plaintiff after the final pretrial conference and only shortly before trial.  Defendants are entitled to fashion their defense and make settlement decisions based on the claims and parties that appear in the complaint.  They also are entitled to the repose guaranteed by the statutes of limitations.  It is likely that many of Defendants' pretrial decisions would have been different had the claims been asserted by Ms. Wolfe.

Second, the Court finds that Plaintiff unduly delayed bringing this motion to amend.  Trial is scheduled to start on January 8, 2013, less than two months from now.  Discovery and motion practice are closed.  Issues concerning the ownership of the property and cameras have been present since the discovery phase of this case, and it was incumbent on Plaintiff to seek amendment if it was needed to protect the claims in this case.

Third, the amendment would be futile because Plaintiff and Ms. Wolfe do not share an identity of interests sufficient for Ms. Wolfe's claims to relate back to the time of the original pleading.  Plaintiff was the subject of the search warrant at issue in this

case; Ms. Wolfe was not. Ms. Wolfe owned the property; Plaintiff did not. Ms. Wolfe has shown no interest in being a plaintiff in this case, and Plaintiff does not argue that he was somehow protecting her interests by filing this action. In short, Plaintiff and Ms. Wolfe are different parties with respect to the subject of the search, the ownership of the property, and the interest in this case. The Court cannot conclude that they have an identity of interests. Thus, even if leave to amend were granted, Ms. Wolfe's claim would be barred by the statutes of limitations.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 97) is **granted.**
2. Plaintiff's motion to amend (Doc. 96) is **denied**.
3. The Clerk is directed to terminate this action.

Dated this 13th day of November, 2012.

David G. Campbell
United States District Judge